# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 7805 | DATE | January 30, 2012 |
| CASE TITLE | Hibben v. Law Offices of Charles McCarthy | | |

**DOCKET ENTRY TEXT:**

The Court DENIES Defendant's Motion for Sanctions (doc. #14).

■ [ For further details see below.]                                   Docketing to mail notice.

## STATEMENT

Nearly a year after the Defendant filed its answer, it has moved for sanctions under Fed. R. Civ. P. 11(c). Defendant's motion is without merit. Rule 11 contains a safe-harbor provision that requires any party seeking sanctions under Rule 11 give the offending party a 21-day period to withdraw the offending pleading. Fed. R. Civ. P. 11(c)(2); *Methode Elec. Inc. v. Adam Tech. Inc.*, 371 F.3d 923, 927 (7th Cir. 2004); *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1025-27 (7th Cir. 1999). Nothing in Defendant's motion indicates that it has complied with this procedure.

Putting aside the Defendant's failure to comply with the procedure, it is clear that the motion has little merit. Defendant argues there are three reasons for sanctioning Plaintiff. First, Defendant argues that Plaintiff has allege it is a "corporation" despite the fact that the Plaintiff knows from previous litigation that the Defendant is a "sole practitioner." If mislabeling a party were grounds for Rule 11 sanctions, then the Court would hand down sanctions weekly. This is not a case brought under the court's diversity jurisdiction and Defendant offers absolutely no reason why the error is material in any way.

Next, Defendant argues that in response to the Plaintiff's complaint it filed a verified answer in which it denied the allegations made by the Plaintiff and, further, that after searching its records, it has no record of ever contacting the Plaintiff (Plaintiff's claim is for a violation of the FDCPA). This argument is just silly. If every time a Defendant denied the allegations of the Plaintiff's complaint, the Court would sanction nearly every single plaintiff on its docket. Defendants nearly always deny the substantive allegations of a complaint. If Defendant believes it has evidence to support a motion for summary judgment, then it should file such a motion.

| STATEMENT |
|---|
| Defendant offers absolutely no reason for the Court to suspect that Plaintiff's counsel had knowledge of Defendant's records when he filed the case or even lacks any evidence whatsoever to oppose a hypothetical summary judgment motion.<br>     Finally, Defendant argues that prior to filing this claim Plaintiff's counsel attempted to negotiate a settlement with the Defendant and that since filing the case Plaintiff's counsel lost, on summary judgment, a related case filed in the Central District of Illinois. Defendant goes on to contradict itself and states that "the instant case was filed in retaliation . . . for winning the . . . Central District . . . case . . . by summary judgment." But if the Central District of Illinois case was pending and the result uncertain when this case was filed, it is impossible for this case to be filed in retaliation for losing the Central District of Illinois case.<br>     The Court DENIES Defendant's Motion for Sanctions.<br><br><br>*Wm. J. Hibbler* |